UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1336

ANNA CARROLL, ET AL.,
Plaintiffs - Appellees,

v.

BLUE CROSS/BLUE SHIELD OF MASSACHUSETTS,
Defendant - Appellant.

ERRATA SHEET

The opinion of this court issued on September 2, 1994, not
for publication, is amended as follows:

The cover sheet should read: "Lisa M. Fleming, with whom

Laura Panos, was on brief for appellant." The names of the other

attorneys listed on brief for appellant should be deleted.

[NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 94-1336

ANNA CARROLL, ET AL.,

Plaintiffs - Appellees,

v.

BLUE CROSS/BLUE SHIELD OF MASSACHUSETTS,

Defendant - Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Selya and Cyr, Circuit Judges,

and Zobel,* District Judge.

Lisa M. Fleming, with whom Laura Panos were on brief for

appellant.
Stephen M. Perry, with whom Thomas J. Walsh, Robert M.

Mendillo and Casner & Edwards were on brief for appellees.

September 2, 1994

* Of the District of Massachusetts, sitting by designation.

Per Curiam. Appellant Blue Cross Blue Shield of

Massachusetts, Inc. (the "Company") in 1991 had promulgated an

Organizational Change Policy (the "Policy") pursuant to which

employees were to receive severance benefits when their positions

were eliminated under defined circumstances. In 1992, the

Company entered into an information systems and services

outsourcing agreement with Electronic Data Services, Inc.

("EDS"). Pursuant to that agreement appellees who had performed

information services work as Company employees became employed by

EDS. They claimed severance benefits under the Policy above.

We agree with the district court's determination that

the Company's Policy excluded only internal transfers from its

severance benefit provisions. Appellant concedes that the

"transfers" at issue were not internal transfers. The Policy's

unambiguous language provided for severance benefits to employees

terminated from their positions at the Company, even if those

same employees obtained immediate employment elsewhere.

Accordingly, appellees are entitled to the benefits for which

they sued; there was no need for the court to consider extrinsic

evidence to ascertain the parties' intent.

Appellant's reliance on our recent decision in Allen v.

Adage, Inc., 967 F.2d 695 (1st Cir. 1992), is misplaced. Allen

held that in the absence of ambiguity, the language of the plan

determines employee eligibility for benefits. See id. at 701;

Bellino v. Schlumberger Technologies, 944 F.2d 26, 29-30 (1st

Cir. 1991). It did not hold that outsourcing agreements such as

- 2 -

the one at bar shall never entitle employees to severance

benefits. See Allen, 967 F.2d at 700-01; Bellino, 944 F.2d at

30.

The Company's remaining arguments concern the district

court's measure of damages. The Policy itself defined the proper

measure of damages, thus such payments are not punitive and

neither offset nor integration is required. Had appellant

intended severance payments to be offset by money or benefits its

former employees earned elsewhere, it need merely have said as

much in the Policy.

Affirmed.

- 3 -